IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **GREGORY NIX** <br>    Defendant. | Case No.: 1:21-cr-678-BAH |

**SENTENCING MEMORANDUM IN SUPPORT OF VARIANCE**

**COMES NOW**, Defendant, Gregory Nix, by and through undersigned counsel, pursuant to 18 U.S.C. §§ 3553 and 3661 and Rule 32(i) of the Federal Rules of Criminal Procedure, and hereby moves this Honorable Court to vary downward from the applicable advisory Sentencing Guidelines range and, in addition, presents the following relevant information for the Court to consider in determining a reasonable sentence to impose in this case:

**Facts and Sentencing Considerations**

Mr. Nix pled guilty pursuant to plea agreement to one count of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon in violation of 18 USC §§ 111(a) and (b). The charged dangerous weapon was a p.v.c. pipe used as a flagpole that Mr. Nix brought with him to the Capitol. Mr. Nix, a father and grandfather, recognizes that his actions were inexcusable, but said actions were completely out of character for him. As set forth below, Mr. Nix committed this offense while swept up in the chaos and belligerency of the crowd of protestors at the Capitol. He

has been fully cooperative throughout this matter with both Counsel of record, with the US attorneys, and with this Honorable Court. He entered an early guilty plea in relation to this matter.

Mr. Nix's advisory Guidelines range, as calculated by the Plea Agreement and Probation, falls at total offense level 26 and criminal history category I. At that range, the Guidelines suggest a sentence of 63 to 78 months. Regardless of the guideline range, Mr. Nix respectfully proposes that a downward variance to a sentence of 24 months imprisonment would be a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

## I. Overall Sentencing Considerations and 18 U.S.C. § 3553(a) Factors

The facts and circumstances surrounding Mr. Nix's offense, though certainly a serious one, do not call for the imposition of a sentence as high as the advisory Guidelines would suggest. The Guidelines, "as a matter of administration and to secure nationwide consistency[,]… should be the starting point and the initial benchmark," but are not the only consideration in sentencing. *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586 169 L.Ed.2d 445 (2007). After properly calculating the Guidelines range, the Court must then make an individualized assessment of the case and consider each of the factors set forth in 18 U.S.C. § 3553(a) before deciding upon a sentence. *Id.* at 49-51. Those factors include:

(1) the nature and circumstances of the offense;

(2) the history and characteristics of the defendant;

(3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;

(4) the need to protect the public; and

(5) the Guidelines range, as well as

(6) the kinds of sentences available;

(7) the need to avoid sentencing disparities among similar defendants who have been found guilty; and

(8) the need to provide restitution to victims of the offense.

*United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006) (citations omitted). A consideration of the various 3553(a) factors applicable in the instant case, including the nature and circumstances of the offense, the defendant's history and characteristics, and the need to provide just punishment, protect the public, and avoid unjust sentencing disparities, all establish that a sentence within the applicable proposed Guidelines range would be a punishment greater than necessary to accomplish the purposes of sentencing set forth in § 3553(a).

**A. The Nature and Circumstances of the Offense and the Need to Provide Just Punishment**

As Judge Mehta recently stated during sentencing in another Capitol riot case, the citizens who participated in the Capitol riot were "called to Washington, DC, by an elected official, prompted to walk to the Capitol by an elected official." *See* https://www.cnn.com/2021/11/19/politics/judge-blames-trump-riot/index.html (accessed Dec. 11, 2021); *United States v. John Lolos*, 1:21-cr-00243-APM (Sentencing held on November 19, 2021). People such as Mr. Nix were "a pawn in the game played by people who know better." *Id.* "People like [him] were told lies, were told falsehoods, were told the election was stolen when it was not…Regrettably, people like [him] who were told those lies took it to heart. And they are the ones paying the consequences." *Id.* Judge Mehta sentenced the defendant in that case to 14 days incarceration despite having found that the defendant appeared to be attempting to justify his conduct at sentencing. *Id.* Mr. Nix went to the Capitol with the intention of peacefully protesting and providing medical care if needed. Like many others who participated in the Capitol riot, Mr.

Nix got caught up in the hysteria that became the January 6 Capitol riots. While his intent was misplaced and his actions inexcusable, he sincerely did not believe the events would unfold and escalate to the level they ultimately did. Unfortunately, that mindset, coupled with the crowd mob effect, saw an otherwise law-abiding and successful father and grandfather assault Capitol police.

Mr. Nix realizes in retrospect that his actions were uncalled for and that the officers involved were likely overwhelmed and under intense pressure from the crowd. At the time of his actions, he was not acting within his normal character. He knows now that he was wrong. He, likewise, accepts that he will be incarcerated his actions.

While many of the people who participated in the Capitol riot will be going to prison, the architects of that horrific event will likely never be charged with any criminal offense. That is not to say that the people who participated in the "front lines" of the riot should not be appropriately punished. In considering the facts and the circumstances of the offense, however, it is relevant to consider that the riot almost surely would not have occurred but for the financing and organization that was conducted by persons unconnected to Mr. Nix who will likely never be held responsible for their relevant conduct.

Based on the foregoing, Mr. Nix asks this Court to consider the unique facts and circumstance of this offense in determining a reasonable sentence pursuant to section 3553(a).

**B. Mr. Nix's History and Characteristics and the Need to Protect the Public**

Mr. Nix is a family man. He recites "Family is important- that's all we had" when reflecting on growing up in a military family. He's carried those strong family values through his own children, of whom he maintains a strong relationship with, and his ten grandchildren who he loves dearly. Up until the time of the instant offense, Mr. Nix was a law abiding and productive member of society. He lived a simple life as a caretaker on a farm, powering his cabin that he built himself

through the use of solar panels. He spends his day performing checks and balances on air conditioning units, a profession that he has been doing for many years.

In February of this year, tragedy struck Mr. Nix. He awoke in the early morning hours to a gnarly scene of debris falling onto him as his home was engulfed in flames. While he was able to escape, his Wife, Ollie, was not as fortunate. Ollie was caught inside and died in the fire. A robust cabin, that Mr. Nix built himself, that provided the necessities for himself and his family gone in a matter of minutes. His Wife, of which he shared a minimal yet peaceful life with, was taken from him in a matter of minutes.

While Mr. Nix's simple and under the radar lifestyle do not excuse his actions, he submits that they are relevant factors for the Court to consider under section 3553(a). Mr. Nix will be of little risk to ever re-offend, particularly given his life history. Under the circumstances, a sentence within the advisory Guidelines range would be a sentence that is far greater than necessary to fulfill the recognized purposes of sentencing.

**C. The Guidelines Calculation**

Mr. Nix chose not to proceed to trial and instead pled guilty to Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon in violation of 18 USC §§ 111(a) and (b). As a result of the charge having involved a weapon, Mr. Nix received a four-level enhancement under U.S.S.G. § 2A2.2(b)(2)(B) for use of a weapon, as well as a two-level enhancement under U.S.S.G. § 2A2.2(b)(7) for being charged under 18 U.S.C. § 111(b) for use of a weapon. An assault that resulted in physical contact, but that did not involve a weapon, would trigger a Guidelines range that is six-levels lower than the range Mr. Nix faces. Consequently, a defendant who strikes an officer during an assault without the use of a deadly weapon would face a Guidelines range that is 24 to 37 months lower than the Guidelines range Mr. Nix is facing. Moreover, Mr. Nix has

received the same six-level enhancement that a defendant would receive for using a more customarily dangerous weapon, such as a firearm. A defendant who commits an assault on an officer with a firearm or knife would thereby face the same Guidelines range that Mr. Nix faces. While, again, Mr. Nix accepts responsibility for his offense and was well aware of the Guidelines range calculation when he entered his plea, he asks this Court to consider the impact of the Guidelines range that results from the unique facts of this case.  As noted earlier, the "weapon" used by Mr. Nix was a plastic p.v.c. pipe rather than a knife or a firearm that would typically be considered a "deadly weapon".

### D. The Need to Avoid Sentencing Disparities

The Supreme Court has long held that "'[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'" *Gall*, 552 U.S. at 52 *quoting Koon v. United States*, 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

The imposition of a sentence within the advisory Guidelines range would be a sentence far greater than the sentences imposed to date on any of the defendants who have been charged with offenses arising from the Capitol riot. For example, Mr. Robert Palmer, 1:21-CR-328-TSC, pled guilty to the same offence that Mr. Nix is charged with.  His conduct, as described by the government in its position on sentencing, involved throwing a wooden plank at officers, spraying the contents of a fire extinguisher at officers, and hurling the empty extinguisher at them, looking for additional materials with which to attack the police, including throwing the fire extinguisher a second time.  Mr. Palmer also assaulted a second group of police officers with a 4 to 5 foot pole by throwing it at the officers like a spear.  Further, Mr. Palmer made statements to a reporter

admitting his goal was to subvert the election and that he hoped for military intervention in overturning the election. In Mr. Palmers, case the government requested 63 months, at the low end of his sentencing guideline, and the Court imposed said sentence. Mr. Palmer engaged in repeated assaults on law enforcement and made statements that contradicted his plea. His conduct was vastly different from Mr. Nix's and yet the government is seeking more time for Mr. Nix.

Mr. Nix's conduct is arguably less serious than Mr. Kevin Creek's, 1:21-CR-645-DLF, who was only charged with section 111(a). As provided by the government's position on sentencing, Mr. Creek brought with him a knife, mace, and radios in case the phones went down. Mr. Creek's actions include running to the front of the crowd, knocking an officer to the ground, and striking him the in face shield of his helmet. Mr. Creek proceeded to then charge another officer, gave him a hard shove with his shoulders, then kicked him, which caused the officer to fall to the ground.

A comparison of Mr. Nix's relevant conduct and life history to the conduct and history of the other defendants who have been sentenced in connection with the Capitol riot would not justify the disparity in sentences that a within-the-Guidelines sentence would create. Given Mr. Nix's history, his mindset at the time of the offense, his prompt acceptance of responsibility, and his efforts to provide assistance to the Government, a sentence of 18 to 24 months incarceration would be sufficient, but not greater than necessary to satisfy the purposes of sentencing set out in 18 U.S.C. § 3553.

## Conclusion

Based on the foregoing, Mr. Nix respectfully requests that this Honorable Court vary downward from the proposed advisory Guidelines range based on the reasons set forth above and

that it, likewise, consider the unique facts and circumstances of this case and impose a sentence significantly below the adjusted advisory Guidelines range for an imprisonment term of 24 months.

Respectfully submitted this the 15th day of May, 2023.

                                                */s/ Richard C. Perry, Jr.*
                                                RICHARD C. PERRY, JR.
                                                Alabama Divorce & Criminal Lawyers, LLC
                                                13521 Old Highway 280, Suite 141
                                                Birmingham, AL 35242
                                                (205) 981-2450

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May, 2023 I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

Christopher Cook
Assistant United States Attorney
601 D. Street N.W.
Washington, D.C. 20530

                                                */s/ Richard C. Perry, Jr.*
                                                RICHARD C. PERRY, JR.
                                                Alabama Divorce & Criminal Lawyers, LLC
                                                13521 Old Highway 280, Suite 141
                                                Birmingham, AL 35242
                                                (205) 981-2450